[No. 4418.]

## MULLIGAN v. SMITH.

1. **Pleading—Written Instruments—Variance.**

When it is apparent from the reading of a written instrument that its meaning and purport, as pleaded, is identical with the original, there is no variance, even though the wording, as pleaded, is different from the instrument itself.

2. **Same.**

A complaint which alleged a written contract by which defendant agreed to pay for "services heretofore rendered or which may be hereafter rendered," is not a fatal variance where the contract introduced in evidence read "services heretofore rendered or which may be heretofore rendered."

3. **Pleading—Motion to Make More Certain—Discretion of Court —Appellate Practice.**

Whether a motion to require a pleading to be made more specific and certain shall be sustained or not is a matter largely in the discretion of the trial court, and its action in such matter will not be interfered with by the appellate court unless it appears that by denying it the moving party was prejudiced.

4. **Same—Contract—Services.**

In an action upon a contract to pay for services performed and to be performed, where the defendant was the party who executed the contract sued on and was one of the parties to the contract providing for the services, so that he must have known what the contract was, he was not prejudiced by a refusal to require the complaint to be made more certain with reference to the services to be rendered, although the complaint may have been very general in that respect.

5. **Pleading—Contract for Legal Services—Attorneys at Law.**

In an action upon a contract to pay for services rendered and to be rendered, an answer that the services were those of an attorney at law and that the payee named in the contract was not an attorney admitted to practice in this state does not state a defense to the action where the pleadings disclose that the payee had no interest in the sum promised to be paid.

6. **Same.**

In an action upon a contract to pay for services performed and to be performed before the United States land department, an answer that the services were those of an attorney at law and that payee was not an attorney admitted to practice in the courts of this state, or before the interior department, or as agent to

represent contestants before the general land office, fails to state a defense to the action where it does not appear from the answer, except as a legal conclusion, that the services were of a character the performance of which would be engaging in the practice of law, nor that payee was prohibited from representing defendant before the land department unless admitted either as an attorney or agent before the interior department.

7. **Judgments—Filing Transcript—Appeal.**

A judgment plaintiff has a right to file a transcript of his judgment with the clerk and recorder of the county, although an appeal from the judgment has been perfected.

8. **Judgments—Executions—Appeal—Damages.**

Although an appeal from a judgment may have been prayed for, the judgment plaintiff has a right to enforce its collection by execution until such time as his right to execution is stayed by filing an appeal bond; and where, prior to the filing of an appeal bond, plaintiff had an execution issued and levied upon defendant's property, injuries resulting to defendant therefrom do not constitute damages which he is entitled to recover of the judgment plaintiff.

9. **Practice—Pleading—Opening Statement.**

In his opening statement to the jury, plaintiff's counsel may properly refer to such defenses as are disclosed by defendant's answer.

10. **Contracts—Public Policy—Instructions.**

Where an agreement is reduced to writing and there is no dispute as to what this agreement is, it is the duty of the court to determine as a matter of law whether such agreement contravenes public policy or not; but where the terms and conditions of such agreement are in dispute, to be determined upon conflicting evidence, it is the duty of the court to direct the jury what facts material to the defense on the subject would constitute a contract void as against public policy, and that, if they found such facts true, no action could be maintained thereon.

11. **Contracts — Public Policy — Improperly Influencing Public Officers.**

The fact that one who employed an attorney to procure a patent for government land believed that the attorney would exercise an unlawful influence with the officers of the land office did not render the contract for the services void, unless the attorney intended and agreed to use improper influence.

12. **Evidence—Contracts.**

In an action on a contract for services, questions asked on cross-examination of witnesses in reference to other services

performed prior to the time the contract in suit was executed and which it was acknowledged had been performed, and the nature and extent of which were not in issue, were properly excluded.

**13.  Evidence—Error Cured.**

Error committed in excluding evidence is cured by afterwards permitting the same witness to detail the same evidence that was excluded in the first instance.

**14.  Interest—Demand—Commencing Suit.**

In an action upon a claim which would draw interest from date of demand of payment, commencement of suit is equivalent to a demand, and in the absence of any averment in the complaint as to the date when demand of payment was made, the claim would draw interest from the date of the commencement of suit.

**15.  Interest—Instructions—Appellate Practice.**

In an action upon a claim which would draw interest from the date of the beginning of suit, where the record does not disclose when suit was begun, and the court instructed the jury to compute interest from a certain date, which instruction was not objected to by appellant, he is precluded from claiming on appeal that interest was erroneously computed from the wrong date.

*Appeal from the District Court of Arapahoe County.*

Mr. GEORGE W. TAYLOR and Mr. F. J. MOTT, for appellant.

Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Appellee, as plaintiff, brought an action against appellant, as defendant, on two contracts executed by the latter, whereby he promised to pay the party named in such contracts specified sums for services rendered or to be rendered by himself and counsel employed in defending his rights to, and securing patent on, certain lands. The issues formulated by the pleadings were tried to a jury with the result that a verdict was returned for plaintiff in the full

amount mentioned in such contracts, with interest. The defendant appeals.

The contracts, as set out in the complaint, recited that the consideration for the sums agreed to be paid was "the services heretofore rendered or which may be hereafter rendered by * * * employed in defending my rights and securing patent to said land." The instruments introduced in evidence read "heretofore," in place of the word "hereafter," as above quoted. It is contended that this was a fatal variance. The point is not well taken. It is evident from reading the contracts that the clear intent of the defendant was to agree to pay for services rendered, and to be rendered, and that the word "heretofore," in place of the word "hereafter," was merely a clerical error. When it is apparent from the reading of a written instrument that its meaning and purport, as pleaded, is identical with the original, there is no variance, even though the wording, as pleaded, is different from the instrument itself.

The defendant moved for an order requiring the plaintiff to state more particularly the nature and extent of the services which were to be performed in consideration of which the contracts were given; and also to furnish a bill of particulars specifying the services rendered. This motion was sustained, but the defendant, not being satisfied with the bill of particulars furnished, made a second motion, requiring the plaintiff to render a further bill of particulars and account, because the one filed was too general. The bill filed purported to state what services had been rendered, but failed to specify the extent and nature of the services which were to be rendered in consideration of the contracts sued upon. In so far as it recited what services had been performed, it seems to be sufficient. It is doubtful if the second motion filed by defendant pointed out wherein the

plaintiff had failed to comply with the order of the court made on the first motion in that the nature and extent of the services to be performed were not stated; but, waiving this question, the defendant cannot complain. The motion was apparently based upon the provisions of section 60 of our Code of Civil Procedure, which authorizes the court, when a pleading is too general in its terms to be readily understood, to require it to be made more specific and certain. Whether a motion of the character contemplated by this provision of the code shall be sustained is a matter largely within the discretion of the court, and its action in such cases will not be interfered with unless it appears that by denying it the party moving was prejudiced. The defendant was the party who executed the contracts sued upon. He acknowledged over his own signature that he was to pay for services to be rendered. He was one of the parties to the contract covering or providing for these services; so that he must have known what such contract was; and hence, although the complaint may have been very general with respect to the services which were to be rendered, the defendant was not misled or placed at a disadvantage because such services were not more specifically pleaded.

One of the defenses interposed was, that the payee named in the contracts was not an attorney admitted to practice in the courts of this state, or before the interior department, or as agent to represent contestants before the general land office; and as to the second cause of action, it was averred that the services he rendered, and promised to render, were those of an attorney at law. A demurrer to this defense was sustained. There was no error in this ruling. The payee, so far as disclosed by the pleadings, had no interest in the sum promised to be paid, as set out in the first cause of action. As to the

second cause, the services which the payee performed, or engaged to perform, were not to be rendered in a court of record, but before the land department, and it does not appear from the statements of this defense, except as a legal conclusion, that they were of a character the performance of which would be engaging in the practice of law, nor is it stated that unless admitted either as an attorney or agent before the department of the interior, he was prohibited from representing the defendant before the land department. The provision, therefore, of the statutes prohibiting unlicensed persons from practicing law in this state, as well as the case of *Hitson v. Brown,* 3 Colo. 304, have no application.

By way of cross-complaint the defendant claimed damages sustained for alleged tortious acts on the part of the original payee. A demurrer was sustained to this defense. There was no error in this ruling. Waiving several questions which might be proper to consider, if necessary, in connection with this defense, it is apparent that it did not state a cause of action. It appears that at a former trial the plaintiff recovered judgment from which an appeal was prayed to the court of appeals. The plaintiff filed with the clerk and recorder a transcript of this judgment. This he had a perfect right to do, even though an appeal had been perfected. It also appears that prior to the date when defendant filed an appeal bond, the plaintiff sued out an execution on his judgment, and caused it to be levied upon property belonging to the defendant. Until such time as the right to an execution was stayed on the judgment obtained, the plaintiff had the right to enforce its collection in the manner provided by law, and the damages resulting to the defendant from such action is not a matter of which he can complain. A party in whose favor a judgment is rendered may

pursue the steps to secure or enforce its collection as the law provides, and the injuries which may result to the execution defendant on this account do not constitute damages which he is entitled to recover.

In his opening statement to the jury counsel for the plaintiff referred to the defenses interposed· by the defendant. The general rule is, that counsel for plaintiff, in making an opening statement to the jury, should confine his remarks to matters which it is expected to prove on the part of the plaintiff, and has no right to anticipate the defense of the defendant. This rule, however, does not apply to those matters which relate to the nature of the defense as it appears from the record. In other words, the exception to the general rule is that counsel for plaintiff, in making an opening statement to the jury, may also state the nature of the defenses interposed as shown by the record.—*Ayrault v. Chamberlain*, 33 Barb. 229. The statements complained of merely relate to matters which had been interposed as a defense by the answer filed, and were, therefore, proper for counsel to mention in his opening statement to the jury.

One of the defenses interposed was to the effect that the agreement entered into between the defendant and the original payee named in the contracts, and the attorney whom he employed, was void because against public policy. The court directed the jury that if they found from the testimony certain facts in connection with such agreement, that then such contracts would be absolutely void, and that plaintiff could not recover anything thereon. It is urged on behalf of the defendant that it was the province of the court to determine whether or not the agreement between the parties in consideration of which the contracts sued upon were given was void as contravening public policy, and that it was

error to submit this question to the jury. Had the agreement relative to the services to be performed by the original payee and the attorney whom he employed been reduced to writing, or had there been no dispute as to what this agreement was, then it would have devolved upon the court to determine as a matter of law whether such agreement contravened public policy or not; but where, as in this instance, the terms and conditions of such agreement were in dispute, to be determined from conflicting evidence, the court could not invade the province of the jury in determining the facts, and was compelled, under our practice, to direct the jury, as was done, what facts material to the defense on the subject would constitute a contract void as against public policy, and direct them, if such facts were found, that no action could be maintained on the contracts sued upon.— *Bellows v. Russell*, 20 N. H. 427; *Phippen v. Stickney*, 3 Met. (Mass.) 384.

The court directed the jury that, although the defendant may have believed at the time of the execution of the contracts that the attorney employed would exercise an unlawful influence with the officers of the United States land office, in connection with the defendant's application for a patent, that such fact did not render the contracts void, unless it appeared the attorney intended to, and agreed that, he would use such improper influence or endeavor to procure a patent to be issued by corruptly influencing the officers upon whom devolved the duty of determining whether the defendant was entitled to such patent or not. There was no error in this instruction. The question was, what did the parties agree to, and not what the defendant may have believed counsel might do in carrying out his agreement.

Error is assigned on rulings sustaining objec-

tions to questions propounded by counsel for the defendant on cross-examination. In so far as any of these questions sought to elicit information relative to services performed either by the payee or counsel employed, prior to the time when the contracts were given, the objections were properly sustained. The defendant acknowledged that services had theretofore been performed, and their nature or extent was not an issue in the case. With respect to the services performed after the contracts were executed, the principal issues between the parties were, (1) whether the services agreed upon had been performed; and (2) whether the agreement was contrary to public policy. There can be no doubt, from the testimony, but that both the payee and counsel did perform services in connection with securing patent to the land described in the contract. The patent has issued. The claim on the part of the payee and counsel appears to be that they were not employed to perform any *quantum* of services, but to attend to such matters in the way of procuring patent as were necessary, and that their compensation for services rendered subsequent to the execution of the contracts was contingent upon the issuance of such patent. Neither does defendant claim that any particular services were to be rendered, but denies, generally, that any were performed, and, as previously stated, alleged that the agreement entered into was of a character which could not be enforced. None of the questions to which objections were sustained, and of which counsel for appellant complains, could have aided in any way in determining these issues; consequently, the rulings were not prejudicial to the defendant. In connection with the errors assigned on the subject of evidence, attention is directed to the fact that one of the defenses was that the contracts were not to be payable unless patent issued on

or before a certain date. The defendant was interrogated respecting this part of the agreement, and an objection sustained to the question. Whether or not this ruling was strictly correct is wholly immaterial, because it appears that the witness was subsequently permitted to detail the conversation between himself and counsel employed, with respect to this matter, so that if the court erred in sustaining the objection at first, such error was cured by the subsequent admission of the testimony sought to be elicited in the first instance. For this reason other errors assigned on the rulings of the court with respect to the admission of testimony, and on the cross-examination of witnesses, are not tenable.

Interest was allowed on the amount of the face of the respective contracts from the date patent issued, February 13, 1896. Counsel contend that interest should only have been allowed from the date demand for payment was made. The complaint does not state the date when payment was demanded. The commencement of suit, however, is equivalent to a demand, and after the institution of suit, in the absence of any averments in the complaint as to the date when payment was demanded, the debt would draw interest at the legal rate. It does not appear from the record now before us when suit was commenced, and for aught that is shown, it may be that interest was properly computed from February 13, 1896, for suit may have been commenced on that date. It is certainly incumbent upon the defendant to show error affirmatively, and not leave it to mere conjecture. Aside from this, the court instructed the jury, without objection, that if they found for the plaintiff in the full amount claimed, that he was entitled to interest on the contracts from the date patent issued. The defendant having acquiesced in

this instruction, is precluded now from claiming that the award of interest was erroneous.

The issues in this case appear to have been fairly presented to the jury. There is testimony tending to support every question of fact which the jury, under the instructions given, must have found in favor of the plaintiff. There is no doubt but that the original payee and counsel whom he employed did render services in the matter of procuring patent for the land described in the contracts sued upon. Such patent has issued. The value of the services were agreed upon in advance; and as it does not appear that any substantial error was committed on the trial to the prejudice of the defendant, the judgment will be affirmed.

*Affirmed.*

STEELE, J., not sitting.