[No. 39011.    Department One.    December 21, 1967.]

AIELENE G. SNOWHILL, *Appellant,* v. DORIS LIEURANCE *et al.,*
*Respondents.**

*Sterbick, Manza, Moceri, Gustafson & Narigi,* by *Michael S. Manza,* for appellant.

*Severyns & Moffett* by *Tyler C. Moffett,* for respondents.

WEAVER, J.—This is an action for damages for personal injuries and property damage.

The facts are not in dispute. November 21, 1963, plaintiff stopped her 1958 Fiat behind another automobile waiting for a green light at an intersection in Port Angeles. Plaintiff's automobile was struck from the rear by a 1963 Mercury station wagon owned by defendant and driven by his wife. The record supports the trial judge's observation, made in his memorandum opinion after argument on a motion for a new trial, that "proof of liability was adequately sustained and could very well have been admitted."

*Reported in 435 P.2d 624.

Fundamentally, plaintiff suffered severe whiplash injuries when her automobile was struck from the rear and driven into the vehicle stopped ahead of her. A passenger in plaintiff's car described the first impact as an "explosion." Plaintiff's car was a total loss.

Plaintiff suffered injuries to her neck and low back. She was hospitalized twice between the date of the accident and the date of trial; the first time for 10 days, the second time for 15 days. Her injuries, treatment, and subsequent condition were described thoroughly and completely by competent medical and lay testimony. After hearing the testimony of 20 witnesses, the jury returned a verdict for $60,000 in plaintiff's favor.

Defendant argues three grounds in support of his motion for a new trial. The first is that the court erred when it refused to admit defendant's exhibit No. 31 in evidence.

The important dates are these: (1) the accident was November 21, 1963; (2) this action was filed August 31, 1964; (3) the case came to trial November 9, 1965. While this lawsuit was pending, defendant's *then* counsel (not trial counsel) employed a private firm of investigators to place plaintiff under surveillance. A private investigator, Doris Minard, representing herself to have the same name as plaintiff, gained her confidence and inveigled her into having a picnic at Crescent Beach. While on the picnic, the investigator allegedly got a large plastic ball from the car and, for a few moments, tossed it to plaintiff. Another investigator, hidden in the bushes, took a 16 mm. moving picture of the occurrence. The film is the proposed exhibit. Mrs. Minard, although apparently in court at one time during the trial, did not testify.

Prior to trial, plaintiff and her counsel learned of the moving picture film. Anticipating that defense counsel would introduce the film in evidence, plaintiff's counsel referred to it in his opening statement and on several occasions thereafter. It is not error for a plaintiff to anticipate a defense. *Snyder v. General Elec. Co.*, 47 Wn.2d 60, 69, 287 P.2d 108 (1955).

When defense counsel offered to show the moving picture to the jury, he stated: "I cannot identify the film, your honor, by any witness." The trial of a lawsuit is not a social gathering where you show "home movies." You first establish that they are entitled to be admitted in evidence; if you do not, they are inadmissable. The trial court did not err when it refused to admit exhibit No. 31.

Next, the trial court stated in his memorandum opinion that the reference of plaintiff's counsel to defendant's use of a "private detective agency that investigated the plaintiff's activities prior to trial, who took the motion picture, exhibit No. 31, and other photographs of the plaintiff" injected into the minds of the jury that plaintiff "had referred from time to time to the defendants' insurance carrier."

We do not agree: there were no trial objections made to the references; the jury was certainly aware of the fact that plaintiff did not cause the pictures to be taken; insurance companies are not the only ones who might hire a detective agency; defense counsel referred to and justified the use of a detective agency in his closing argument to the jury; the record does not support the conclusion that "insurance" was injected into the evidence.

Finally, the main thrust of defendant's motion for a new trial is that the verdict was so excessive "as *unmistakably* to indicate that the amount of the verdict must have been the result of passion or prejudice." (Italics ours.)

█ The trial judge ruled that he would grant defendant's motion for a new trial unless plaintiff would consent to a reduction of the verdict to $35,000. Plaintiff did not accept the offer. Our consideration of this question is governed by the legislative mandate to us found in RCW 4.76.030:

> If the trial court shall, upon a motion for new trial, find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party ad-

versely affected shall consent to a reduction or increase of such verdict, and if such party shall file such consent and the opposite party shall thereafter appeal from the judgment entered, the party who shall have filed such consent shall not be bound thereby, but upon such appeal the supreme court shall, without the necessity of a formal cross-appeal, review de novo the action of the trial court in requiring such reduction or increase, *and there shall be a presumption that the amount of damages awarded by the verdict of the jury was correct and such amount shall prevail, unless the supreme court shall find from the record that the damages awarded in such verdict by the jury were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice.* (Italics ours.)

As we pointed out in *Kramer v. Portland-Seattle Auto Freight, Inc.,* 43 Wn.2d 386, 392, 261 P.2d 692 (1953):

It is but a conclusion to say that a jury's verdict is excessive. Before the conclusion can be reached, it must be supported by the record. . . . We look, therefore, to the record.

The verdict of a jury does not carry its own death warrant solely by reason of its size.

We have examined meticulously the record of the instant case. We have read the evidence and argument of both counsel. We fail to find an iota of anything that could be deemed passion and prejudice inherent in the jury's deter. mination. The verdict has evidentiary support. In addition, every juror signed an affidavit that he considered nothing "outside the sworn and admitted testimony in the trial, the admitted exhibits, and the instructions of" the judge.

After the instant case was argued in this court, we considered the same question—a court-determined reduction of the amount of a jury verdict or a new trial. In *Ma v. Russell,* 71 Wn.2d 657, 430 P.2d 518 (1967), the court said:

We have examined the record and read the argument of the appellant's counsel. In the former we find no error and in the latter no attempt to inflame the jury.

No improper evidence was admitted on which a jury might have acted, nor were improper instructions given

which might have misled the jury, nor was there improper argument of counsel which might have been calculated to prejudice the jury, nor any misconduct of the jury on which prejudice could be presumed. If there was passion and prejudice, its source cannot be found in the record.

. . . .

The statute directs that this court shall presume that the verdict of the jury was correct and, with this presumption in mind, shall review the record. It shall not affirm the trial court's order unless it finds that the amount of the verdict is so excessive as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice.

Unquestionably, the verdict is large. It is perhaps larger than the members of this court, had they been the triers of the facts, would have awarded. However, . . . the record is free of error, and there was no conduct on the part of the attorneys which was calculated to inflame or prejudice the jury.

Upon the record before us, the statutory presumption of the correctness of the verdict must prevail.

The order granting a new trial if a reduced award is not accepted is reversed; and the cause is remanded, with directions to enter judgment on the verdict.

FINLEY, C. J., HUNTER and HALE, JJ., concur.