539 P.2d 604

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Dennis C. GRIFFITH, Defendant-Appellant.**

**No. 11160.**

Supreme Court of Idaho.

Aug. 8, 1975.

Rehearing Denied Sept. 4, 1975.

John Hjellum, II, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., Terry E. Coffin, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Chief Justice.

This appeal is from an order of the district court affirming a judgment of conviction rendered against appellant in the magistrate's division of the district court following a jury trial, for the crime of driving while under the influence of intoxicating beverages in violation of I.C. § 49–1102.[1] We affirm the judgment of the district court.

Appellant Dennis C. Griffith was arrested in Boise during the early morning hours of December 18, 1970, for driving while under the influence of intoxicating beverages. The first trial ended as a mistrial when the jury failed to reach a verdict. Upon retrial, the second jury found appellant guilty. The trial magistrate entered judgment of conviction, imposed a 30-day jail sentence, and fined appellant $300 plus court costs. Griffith appealed to the district court ". . . upon all questions of law and fact for a trial de nova (sic) to a jury upon the defendant's plea of not guilty to said charge."

The district court denied appellant's request for a trial de novo and elected to decide the appeal upon the record. By memorandum decision and order dated July 7, 1972, the district court found sufficient evidence to support the conviction of the defendant and affirmed the judgment of the magistrate's division.

■ Appellant urges ten assignments of error. The relevant assignments[2] are summarized into four main issues:

(1) The criminal complaint was defective;

---

1. I.C. § 49–1102: *"Persons under the influence of intoxicating beverages or of drugs. —(a) It is unlawful and punishable . . . for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state. . . ."*

2. While appellant's brief is not an example of clarity, we decline to apply Rule 41(2) of the Appellate Rules of this Court to dispose of Assignments of Error Nos. 1 (evidence insufficient to support the verdict) and 5 (district court erred in ". . . ordering that said defendant was guilty of the crime of Driving While Under the Influence of Intoxicating Liquor and punishing the defendant . . . .") without consideration as urged by respondent. Assignment of Error No. 6 ("That the District Court erred in denying defendant's motion to dismiss criminal complaint for failing to take affirmative action on the appeal within 16 months."), however, is not supported by any citation of authority or argument; nor does an examination of the record cast any clarifying light on this contention. We, therefore, decline to consider that assignment. Appellate Rule No. 41(2); *Baker v. Ore-Ida Foods, Inc.*, 95 Idaho 575, 513 P.2d 627 (1973); *Gaige v. City of Boise*, 91 Idaho 481, 425 P.2d 52 (1967).

(2) The trial court erred in limiting defense counsel's opening statement at trial;

(3) The district court on review of the conviction erred in not viewing a portion of the evidence submitted at trial, and the district court erred in affirming the judgment as the evidence was insufficient to sustain the conviction; and,

(4) A trial de novo should have been granted on appeal from the magistrate's division.

■ Appellant argues that the criminal complaint fails to state a criminal offense, and further, that the complaint does not contain sufficient facts to apprise appellant and his counsel of the factual circumstances for which he was charged. In relevant part, the instant complaint states:

"PERSONALLY APPEARED Before me this 18th day of December, 1970 Charles D. Coulter in the County of Ada, who, being first duly sworn, complains and says: that DENNIS C. GRIFFITH on or about the 18th day of December, 1970, at Boise in the County of Ada and State of Idaho, then and there being, did then and there commit the crime of DRIVING UNDER THE INFLUENCE OF ALCOHOL said crime being committed as follows, to-wit: That the said defendant, DENNIS C. GRIFFITH, on or about the 18th day of December, 1970, in Ada County, Idaho, then and there being, did then and there unlawfully, willingly, intentionally, and knowingly drive, manage operate and have in his control a motor vehicle, that is, a 1969 Chevrolet Malibu, bearing Idaho License No. 1/A33-827, on Fair-

view Avenue in Ada County, State of Idaho, while he the said defendant was then and there under the influence of intoxicating liquor."

The complaint charges that appellant did unlawfully, etc., drive and control a motor vehicle within this state while under the influence of an intoxicating liquor. This recitation clearly charges a public offense in violation of I.C. § 49–1102—"Persons under the influence of intoxicating beverages or of drugs."[3] in plain and concise language. State v. Ashby.[4]

■ The sufficiency of the instant complaint, which was filed on December 18, 1970, was to be tested by the requirements of I.C. § 19–3901,[5] which states:

"*Complaint.*—All proceedings and actions before the magistrates division of the district court for a public offense of which such court has jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint . . . .."

The complaint must set out the offense charged with such factual particulars as time, place, and person (1) to enable the defendant to understand the character of the complained-of offense so as to prepare a defense, and (2) so that conviction will bar a second prosecution for the same offense. *State v. Barr.*[6] The complaint may be phrased generally in the words of the statute or ordinance allegedly violated if it meets the above stated factual requirements relating to the preparation of an adequate defense and provides *res judicata*

---

3. See *supra* n. 1.

4. 40 Idaho 1, 230 P. 1013 (1924). *See State v. Pruett*, 91 Idaho 537, 428 P.2d 43 (1967).

5. *State v. Pruett, supra* n. 4. Compare Rule 27, Rules of the Court for the Magistrate's Division of the District Court and District

Court (effective January 11, 1971). *See generally* I.C. §§ 19–501 and 19–505.

6. 63 Idaho 59, 117 P.2d 282 (1941). *Accord, State v. Pruett, supra* n. 4; *State v. Finney,* 65 Idaho 630, 150 P.2d 130 (1944). *See State v. Griffith,* 55 Idaho 60, 37 P.2d 402 (1934).

**56**

effect.[7] The instant complaint was legally sufficient.

■ Appellant argues that the trial court unduly restricted defense counsel's opening statement, given immediately after the State's opening remarks. The trial court limited defense counsel's statement to ". . . precisely what you plan on calling in your direct examination . . . ." and directed defense counsel not to comment on the possible testimony of the arresting officer, Deputy Sheriff Kepner, who would supposedly testify during the prosecution's case-in-chief. We agree with the trial magistrate that defense counsel's remarks in regard to Deputy Kepner's impending testimony were, in part, directed towards impeaching that testimony. The trial court acted correctly within the perimeters of its discretion in sustaining the State's objection.

·■ Opening statements serve to inform the jury of the issues of the case and briefly outline the evidence each litigant intends to introduce to support his allegations or defenses, as the case may be.[8] While counsel should be allowed latitude in making an opening statement,[9] the trial court may limit the scope of that statement in the exercise of its discretion.[10] Generally, opening remarks should be confined to a brief summary of evidence counsel expects to introduce on behalf of his client's case-in-chief. Counsel should not at that time attempt to impeach or otherwise argue the merits of evidence that the opposing side has or will present.[11]

Appellant claims the evidence was insufficient to support his conviction. Appellant also argues that the district court

erred when it ". . . did not review the strongest piece of evidence which the defendant had . . . (when it) did not view the video tape and because it did not, could not make an intelligent and accurate appraisal of the merits of the defendant's case."

The district court elected to consider the instant appeal on the basis of the record, ruling that the only issue on appeal was the sufficiency of the evidence. The court did not observe the video tape taken of appellant several hours after his arrest; but based its decision on oral argument, the transcript of the proceedings below, and the State's stipulation that the video tape was favorable to appellant:

"Defendant's position that the evidence was insufficient to convict is based primarily upon the video tape of defendant's actions which was made some time after the defendant was arrested. Counsel for the State stipulated that the tape was favorable to the defendant. Accordingly, the Court has not looked at the video tape but has looked at the transcript of the trial to see if there was other evidence sufficient to support the conviction."

The district court's memorandum decision detailed the testimony of Deputy Kepner, and the results of the Mobat test (a test usually administered by the officer in the field to determine the percentage of alcohol in the blood), which the court concluded supported the jury verdict. In regard to the video tape, the district court held:

"The Court notes that the taking of the video tape was some two to three hours after the defendant was arrested. Under

7. *See State v. Henry*, 83 Idaho 167, 359 P.2d 514 (1961) ; *State v. Finney, supra* n. 6.

8. *See Miller v. Braun*, 196 Kan. 313, 411 P.2d 621 (1966) ; *McCarty v. Hagen*, 67 Wash.2d 434, 407 P.2d 953 (1965) ; *Hilyard v. State*, 90 Okl.Cr. 435, 214 P.2d 953 (1950) ; ABA Standards Relating to the Prosecution Function and the Defense Function, the Defense Function, § 7.4, 266–67 (1971).

9. *Oller v. Hicks*, 441 P.2d 356 (Okl.1967) ; *Miller v. Braun, supra* n. 8.

10. *Id. Accord, Tucker v. Lower*, 200 Kan. 1, 434 P.2d 320 (1967).

11. *See Mulligan v. Smith*, 32 Colo. 404, 76 P. 1063 (1904) ; *Leonard v. United States*, 277 F.2d 834 (9th Cir. 1960) ; ABA Standards Relating to the Prosecution Function and the Defense Function, the Defense Function, § 7.4, 266–67 (1971). *Cf. Thompson v. People*, 139 Colo. 15, 336 P.2d 93 (1959). *But see Snowhill v. Lieurance*, 72 Wash.2d 781, 435 P.2d 624 (1967).

27552186

the circumstances, it does not appear that the favorable-to-defendant tape is so inconsistent with the other evidence in the case so as to preclude the conviction of the defendant as a matter of law."

The district court concluded sufficient evidence existed in the record to support the verdict and affirmed the judgment.

While a viewing of the video tape by the district court might have been appropriate in disposing of the appeal, the district court's refusal was not reversible error. The function of an appellate court is to examine the record to determine if competent and substantial evidence exists to support the verdict. Pursuant to I.C. § 1–2213, the district court affirmed the judgment on the record. We agree that substantial and competent evidence was presented to sustain the verdict and judgment of conviction. The order of the district court finding substantial and competent evidence and, therefore, sustaining the judgment of the magistrate's division is not erroneous.[12]

Appellant's final contention deals with the district court's denial of the motion for a *de novo* adjudication on appeal. Appellant argues that I.C. §§ 1–103 and 1–105, Rule 27 of the Rules of the Court for the Magistrate's Division of the District Court,[13] and portions of the Criminal Appellate Rules unconstitutionally deny his right to a jury trial. He argues that this Court cannot extinguish a "right" to a jury trial by rules effective subsequent to the complained-of offense, for such change allegedly violates his right to due process of law. He maintains that this Court cannot make inapplicable by rule statutory provisions providing a trial *de novo* on appeal and that only the legislature can repeal those statutory provisions.

We reject this argument. I.C. § 1–103 pursuant to Section 2, Article V., of the Idaho Constitution, as amended,[14] transfers jurisdiction of cases cognizable in the former justice court to the magistrate's division.[15] I.C. § 1–105 provides that criminal cases formerly prosecuted in the justice courts and now tried in the magistrate's division are to be governed by rules of procedure promulgated by this Court.[16] The Court, pursuant to statute

---

12. *See In Re Estate of Bogert,* 96 Idaho 522, 531 P.2d 1167 (1975); *In Re Estate of Stibor,* 96 Idaho 162, 525 P.2d 357 (1974); *State v. Reyna,* 92 Idaho 669, 448 P.2d 762 (1968); *State v. Anderson,* 82 Idaho 293, 352 P.2d 972 (1960).

13. Appellant argues that Rule 27 of the Rules for Magistrates Division is unconstitutional insofar as it makes inapplicable I.C. §§ 19–3937, 19–3938, 19–3940, and 19–3942 pertaining to a trial de novo on appeal to the district court.

14. Art. V., Sec. 2, Idaho Const.: *"Judicial Power—Where vested.*—The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, ~~probate courts, courts of justice of the peace, and such other courts inferior to the Supreme Courts may be established by law for any incorporated city or town,~~ and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court. The jurisdiction of such inferior courts shall

be prescribed by the legislature. . . . ." (Repealed material struck out, added material underlined.).

15. See especially § 4 of S.L.1969, ch. 100, which reads in relevant part: "Civil and criminal matters pending before each justice of the peace shall be continued in the district courts and *be subject thereafter to the provisions of law and rules of procedure applicable in the district courts on the effective date of this act.*" (Emphasis added.)

16. S.L.1971, ch. 255, § 1, effective March 25, 1971, amended former I.C. § 1–105: "1–105 Criminal procedure—~~EXISTING STATUTES GOVERN~~ Supreme Court rules govern.—Procedures in the district court or magistrate's division of the district court involving criminal actions which, prior to ~~the effective date of this act~~ January 11, 1971, were triable in the probate court, justice court or police court, shall be governed by ~~existing statutes relating to criminal procedures in probate court or justice court~~ rules of the Supreme Court." (Repealed material struck out, added material underlined.)

and under its inherent rule-making authority, promulgated rules of procedure for the magistrate's division, and for appeals from that court to the district court to complement I.C. § 1–2213. The district court did not err when, in the exercise of its discretion, it denied appellant a trial *de novo* in the district court and, elected instead, to hear the appeal on the record.[17]

While the legislature has authorized this Court to formulate rules of procedure, this Court has the inherent authority, made especially clear by the amended provisions of Article V, Section 2, of the Idaho Constitution, to make rules governing procedure in the lower courts of this state. *R. E. W. Construction Co. v. District Court of the Third Judicial District.*[18] The legislature need not repeal statutes made unnecessary by, or found in conflict with, court reorganization and integration. It is well settled in this state, as part of the rule-making power possessed by this Court, that the Court may by rule, as in the case of Rule 27 of the Rules of Court for the Magistrate's Division of the District Court and District Court, make inapplicable procedural statutes which conflict with our present court system. *Id.*

We subscribe to the principle, that as in the case at bar: "No one has a vested right in any given mode of procedure, and so long as a substantial and efficient remedy remains or is provided due process of law is not denied by a legislative change." [19] Appellant received a jury trial in magistrate's division. The state and federal constitutions do not guarantee more than one jury trial, much less a jury trial *de novo* on appeal to the district court. Appellant was not denied his constitutional right to a trial by jury.[20]

The order of the district court sustaining the judgment of conviction entered in the magistrate's division is affirmed.

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.

17. *See* In Re Estate of Stibor, 96 Idaho 162, 525 P.2d 357 (1974); Art. V, § 20, Idaho Const. *See generally Fox v. Flynn*, 27 Idaho 580, 150 P. 44 (1915).

18. 88 Idaho 426, 400 P.2d 390 (1965). *Accord, State v. Yoder*, 96 Idaho 651, 534 P.2d 771 (1975). *See* I.C. § 1–212.

19. *Crane v. Hahlo*, 258 U.S. 142, 147, 42 S.Ct. 214, 216, 66 L.Ed. 514, 518. [Citations omitted.] *See Boise Irr. etc., Co. v. Stewart*, 10 Idaho 38, 77 P. 25 (1904).

20. *See City of Clovis v. Dendy*, 35 N.M. 347, 297 P. 141 (1931); *Reliance Auto Repair Co. v. Nugent*, 159 Wis. 488, 149 N.W. 377 (1914).