559 P.2d 754

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dennis C. GRIFFITH, Defendant-Appellant.**

**No. 11752.**

Supreme Court of Idaho.

Jan. 27, 1977.

Dennis L. Cain of Sallaz, Scanlan, Beer & Cain, Boise, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., David G. High, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

On September 19, 1973, defendant appellant Griffith was issued a traffic citation for driving while under the influence of alcohol. Later on the same day a formal criminal complaint was filed in the magistrate's division of the Fourth District Court charging the defendant with the same offense, and the original traffic citation was marked "voided—formal complaint filed." On November 30, 1973, the defendant was tried on the formal criminal complaint and was convicted.

The defendant appealed to the district court and, according to the memorandum decision of the district judge, he asked only for a trial de novo and did not seek or point out any other grounds or reasons why the judgment of the magistrate's court should be set aside. The district court denied the request for a trial de novo and affirmed the judgment of conviction.

The defendant appealed to this Court alleging that on September 25, 1973, the defendant had appeared before the traffic court but the court was unable to locate his file on the matter and as a result the traffic judge wrote the word "dismissed" across the face of the defendant's pink copy of the traffic citation and directed him to turn this copy into the clerk's office which he alleges he did. Thus on appeal to this Court the defendant, who is now represented by different counsel than below, asserts that the dismissal by the traffic judge on September 25, 1973, was a bar to subsequent prosecution of the offense under I.C. § 19-3506 and I.C.R. 48(b)(3). However, there is nothing in the record to support any of the allegations presently raised by the defendant on appeal before this Court. At the beginning of trial before the magistrate, defendant's counsel moved to dismiss the complaint because of the alleged prior dismissal and stated that the defendant would testify that his traffic citation had been dismissed in the earlier proceeding. The magistrate deferred ruling on the motion until the evidence was entered, but the defendant failed to present any evidence on the issue. Therefore, the defendant did not make any evidentiary record in the trial before the magistrate's court upon which to base his defense of the former dismissal of the action.

This matter is before this Court on an appeal from a decision of the district court in which the only issue raised before the district judge was that the defendant was entitled to a trial de novo, which distinguishes this case from the prior case of State v. Griffith, 97 Idaho 52, 539 P.2d 604 (1975). The record indicates that the defendant raised no other grounds for appeal before the district court other than that he was entitled to a trial de novo. The district court, pursuant to Criminal Appellate Rule 18, denied the trial de novo which was within his discretion to do. Because that

was the only issue presented to the district court, that is the only issue which this Court will consider on appeal. In our view, the district court did not abuse its discretion in denying the trial *de novo*. *State v. Griffith, supra.*

Judgment affirmed.