**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38390**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 495 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN HENRY RIVERA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Judgment of conviction for grand theft, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

John Henry Rivera appeals from his judgment of conviction for grand theft entered upon a jury verdict. Specifically, Rivera asserts the district court erred in denying his motion for mistrial, made on the basis of the improper opening statement by the prosecutor. Further, Rivera asserts his right to a fair trial was violated when the prosecutor committed misconduct in closing argument. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In October 2009, the State charged Rivera with one count of grand theft for taking financial transaction cards owned by a coworker. The coworker's wallet, containing the cards, had gone missing some three months prior. During an interview with investigators, Rivera admitted to taking the wallet during the previous summer and hiding it in the ceiling of the men's restroom located within the building where he and the victim worked. Rivera explained he did

1

so because of his dislike for the owner of the wallet, but Rivera denied ever opening the wallet or removing any of its contents. Shortly after hiding the wallet, Rivera ceased working as an employee in that location. After Rivera's admission, the wallet was recovered from the wall of the men's restroom at Rivera's former place of employment, having fallen from its position in the ceiling. The wallet, after it was recovered, still contained all of the financial transaction cards reported to have been inside.[1]

Rivera pled not guilty to the grand theft charge and exercised his right to a trial. During the State's opening statement, the prosecutor referenced Rivera's bad temperament and habits as an employee. Defense counsel objected, asserting the statement was irrelevant, and then moved for a mistrial. Defense counsel further argued, in support of the motion for mistrial, that the statement was impermissible character evidence, was prejudicial, and deprived Rivera of a fair trial. The State responded that it offered the statement because it intended to present evidence that Rivera's poor working habits were the source of the acrimonious relationship between the victim and Rivera and may establish motive or intent to commit the crime. The State also argued that opening statements are not to be taken as evidence by the jury and that any arguable prejudicial effect could be cured with a jury instruction. The district court denied the motion, unable to conclude at that early stage in trial that Rivera would be unable to receive a fair trial.

During trial, the prosecutor did not introduce evidence of Rivera's work habits or temperament. There was an inadvertent reference to Rivera's termination and that Rivera just stopped showing up to work within days of the wallet going missing. However, the district court sustained defense counsel's objection and no further references were made. Rather than looking to the poor relationship between the victim and Rivera to establish intent, in closing argument, the prosecutor stated he could think of no better place to put a wallet than in the wall of a men's restroom in order to hide it permanently. As intent to permanently deprive another of property was a materially disputed element of the charge, defense counsel again objected. Defense counsel argued the statement was the personal opinion of the prosecutor and the prosecutor was assuring a conclusion the evidence may or may not have established. The district court overruled the objection. The prosecutor, thereafter, made another statement of similar effect. At the close of trial, the jury found Rivera guilty of grand theft, Idaho Code §§ 18-2403, 18-2407(1)(b). The

---

[1] The only missing item was the cash that had been in the wallet.

district court entered a judgment of conviction and imposed a unified sentence of four years, with one and one-half years determinate, which it suspended pending completion of two years probation. Rivera timely appeals, asserting the motion for mistrial should have been granted and that the prosecutor's closing argument deprived Rivera of a fair trial.

## II.

## DISCUSSION

### A.  Motion for a Mistrial

Rivera argues the district court erred in denying his motion for a mistrial because the State's opening statement, when viewed in the context of the entire trial, prejudiced Rivera by improperly describing and referring to Rivera's character traits. Particularly, Rivera notes the first witness again referred to Rivera's character as an employee and because there were only four witnesses, the prejudicial effect of the opening statement coupled with the reference by the first witness was enough to deny him a fair trial. He further asserts the reference in the State's opening statement was inadmissible evidence under Idaho Rule of Evidence 404(b) and was introduced without notice. The State responds that the prosecutor did not introduce any error by referencing Rivera's employment habits because he had reasonable grounds to believe the evidence would be admissible at trial. Therefore, the State argues, Rivera has shown no basis upon which the district court should have granted a mistrial.

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

3

*State v. Urquhart,* 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983); *accord State v. Norton*, 151 Idaho 176, 192-93, 254 P.3d 77, 93-94 (Ct. App. 2011). The error upon which a defendant moved for mistrial will be deemed harmless if the appellate court is able to declare, beyond a reasonable doubt, that there was no reasonable possibility that the event complained of contributed to the conviction. *Norton*, 151 Idaho at 192-93, 254 P.3d at 93-94; *State v. Morgan*, 144 Idaho 861, 863-64, 172 P.3d 1136, 1138-39 (Ct. App. 2007).

During the State's opening statement, the prosecutor told the jury the evidence in the case would show Rivera stole a wallet from his coworker's purse and thereby committed grand theft. In further explaining the case, the prosecutor made the following remarks: "Through [testimony], ladies and gentlemen of the jury, you are going to hear the truth of what happened. . . . You are going to hear testimony today about his habits as an employee. He was argumentative and unsatisfactory in his performance." Defense counsel objected, asserting the last statement was argumentative and irrelevant. After counsel for both parties approached the bench and the jury was excused, the court took oral argument on a motion for mistrial made by defense counsel. In support of the motion for mistrial, defense counsel explained:

> [W]hat we have here is in opening statement irrelevant, prejudicial character assassination in regard to my client.
> There is no need for the State in a case like this to state--to accuse, essentially, my client of being argumentative, unsatisfactory performance, anything like that. This is not a wrongful termination case. . . . This is a criminal case brought by the State of Idaho and is--Judge, those adjectives cannot--well, they constitute 404(b) evidence, Judge. This is uncharged misconduct without notice. This is character disparagement, sir. That's a bell that cannot be unrung.

The State responded that defense counsel's argument assumed the jury disregarded the judge's instruction to not consider opening statements as evidence in the case. The State further argued the statement was not irrelevant because there would be evidence of the hostile and acrimonious relationship between Rivera and the victim, which could give rise to a motive for taking the wallet. Finally, the State asserted that if the opening statement could be construed as prejudicial, it could be cured with further instruction to the jury.

Without actually ruling on the possible admissibility of evidence regarding Rivera's work habits, the district court denied the motion for a mistrial, reasoning:

> [A]ssuming for the fact of this argument here that a reference by the State to Mr. Rivera as being argumentative and unsatisfactory in his performance as being an objectionable statement and inappropriate under a 404(b) standard, I have to look

4

and recognize that the State's argument is just that. It is argument. It is not evidence that is to be offered or accepted by the jury. And while certainly that statement may have some arguable impact upon the jury that cannot be unrung, I don't think at this particular stage of this process that the Court can come to the conclusion that Mr. Rivera is not capable of receiving a fair trial.

The court also noted that, prior to opening statements, the jurors had been instructed not to take opening statements by the attorneys as evidence in the case, but cautioned the prosecutor to only reference the work habits and personal behavior of Rivera to the extent it related to the alleged charge in the case. Defense counsel asked for a further instruction to the jury, but then withdrew the request.

During the testimony of the first witness, the State again referenced Rivera's work history. In questioning the witness about Rivera, the prosecutor asked, "Now, when was the defendant terminated from his job--or--I'm sorry." Defense counsel objected and the court sustained the objection, observing that the prosecutor was just about to rephrase the question. Before the witness had the opportunity to answer, the court also sustained an objection to the question, "How did [Rivera's] employment end?" When the prosecutor asked the witness when River's employment ended, the witness answered, "On August the 4th, John [Rivera] didn't show up for work, so I asked [a coworker] if she knew where he was. She said he had gone home Friday--." Again, the court sustained an objection by defense counsel. Apart from the first witness's testimony, the State's third witness, one of the investigating officers, gave other testimony regarding Rivera at work or his attitude. The witness simply relayed that Rivera admitted taking the wallet because "he was mad at the owner" and that Rivera believed "his work environment was good, but he [Rivera] didn't like [the victim], really, that she was bitchy most of the time and had a cocky attitude."[2] Defense counsel objected to this answer, but only on the basis of the narrative form, not the content. The investigator did not mention termination, poor work habits, or other behavior of Rivera.

Consistent with the requirements in Idaho Criminal Rule 29.1, to prevail on a motion for mistrial, Rivera must show, as a threshold, that the State introduced error in some manner and that the error was prejudicial. *State v. Grantham*, 146 Idaho 490, 498, 198 P.3d 128, 136 (Ct.

---

[2]      In addition to this testimony, the prosecutor showed the jury the investigator's videoed interview with Rivera, wherein Rivera made the remarks about the coworker and his dislike of her.

App. 2008).  The question is whether the event that precipitated the motion for mistrial represented reversible error when viewed in the context of the full record, i.e., whether it contributed to the verdict in light of all other evidence.  *State v. Barcella*, 135 Idaho 191, 198, 16 P.3d 288, 295 (Ct. App. 2000).  Here, that event is the comment in the State's opening statement.

We conclude the prosecutor did not introduce error through his comments in the opening statement.  Opening statements serve to inform the jury of the issues of the case and briefly outline the evidence each litigant intends to introduce to support his allegations or defenses.  *State v. Griffith*, 97 Idaho 52, 56, 539 P.2d 604, 608 (1975); *State v. Priest*, 128 Idaho 6, 13, 909 P.2d 624, 631 (Ct. App. 1995).  Counsel should be allowed latitude in his opening statement.  *State v. Timmons*, 145 Idaho 279, 287, 178 P.3d 644, 652 (Ct. App. 2007).  Still, opening remarks should generally be confined to a brief summary of evidence counsel expects to introduce on behalf of his client's case-in-chief.  *Griffith*, 97 Idaho at 56, 539 P.2d at 608; *Priest*, 128 Idaho at 13, 909 P.2d at 631.  Counsel should not reference evidence it would like to introduce if "it is manifest that such proof would be incompetent, or the statement is made for the purpose of creating prejudice."  *Miller v. Braun*, 411 P.2d 621, 622 (Kan. 1966); *see also Mattson v. Bryan*, 92 Idaho 587, 592, 448 P.2d 201, 206 (1968) (adopting the standard set forth in *Miller*).  The court may limit the scope of opening statements in an exercise of its discretion.  *Griffith*, 97 Idaho at 56, 539 P.2d at 608.  The *Miller* Court discussed the interplay between counsel's latitude in opening statements and a trial court's discretion, and the reasoning has since been adopted in Idaho:

> Counsel should be allowed considerable latitude in his opening statement and its general nature and character rests largely with the discretion of the district court, which must necessarily rely on the good faith of counsel properly to confine his remarks within the bounds of propriety and good faith.  *Since whatever counsel states in his opening statement as to what he expects to prove is subject to the further action of the court in permitting him to introduce testimony, it is not necessarily misconduct for him to claim something he does not later prove.*

*Miller*, 411 P.2d at 622 (emphasis added); *see also Mattson*, 92 Idaho at 592, 448 P.2d at 206 (quoting *Miller*).  Even where the intended proof is later excluded by the court, statements by counsel that certain evidence will be introduced are not improper if made in good faith and with reasonable ground to believe the evidence is admissible; however, without the presence of good faith, or where prejudice is clearly produced, whether as the result of accident, inadvertence, or misconception, the rule is to the contrary.  *Mattson*, 92 Idaho at 592, 448 P.2d at 206.

6

Here, the prosecutor made the opening statement expecting to introduce evidence about Rivera's poor work habits or attitude to the show the source of the acrimonious relationship between Rivera and a coworker, and establish a motive to commit theft of that coworker's wallet. Under Idaho Rule of Evidence 404(b), evidence of other acts may be admissible to show motive and the district court recognized there may be an argument for the evidence's admission:

> [T]here could be an argument that offering evidence about the argumentative nature or Mr. Rivera's unsatisfactory work performance may or may not be relevant to this proceeding. I don't know how that's going to pan out. I do understand that there is some kind of acrimony that existed between the coworkers, between the defendant, and the alleged victim in this case. That may certainly be part of the whole picture of this case. . . . But certainly I don't know that it's necessary to go into that in any great detail, and I'm not sure how the Court will rule on that if that is evidence that [is] going to be offered.

We will not decide whether the evidence would have been admissible or whether Rule 404(b) would have applied because there was no ruling in regards to those questions from the district court. *See State v. Pickens*, 148 Idaho 554, 557, 224 P.3d 1143, 1146 (Ct. App. 2010) (declining to rule on the admissibility of evidence, which was the subject of a motion for a mistrial, where the judge did not clearly rule on admission or exclusion of the evidence). However, looking at Rule 404(b), it was reasonable for the prosecution to believe the evidence he referenced in the opening statement would have been admissible for the purpose of showing motive in the case against Rivera. Furthermore, nothing establishes that the opening statement was made in bad faith. Rather, after defense counsel's objection to the opening statement, the prosecution refrained from putting on such evidence and used testimony only to establish that Rivera had a poor attitude towards the victim coworker, but left out the source of that sentiment. Though the comments in the opening statement may have briefly referenced the character of the defendant, and the evidence may later have proved inadmissible if the State attempted to introduce it, we do not find any misconduct or error on the part of the prosecutor. *See Norton*, 151 Idaho at 188, 254 P.3d at 89 (concluding the prosecutor did not commit misconduct where in the State's opening statement and closing argument he commented that the defendant was "caught by the lie" and was motivated by "greed and revenge" to commit arson, and then further referenced evidence of financial problems and a poor relationship with a soon-to-be-ex-husband to establish such a motive).

Even if we were to assume, as the district court did for the sake of argument, that the evidence of Rivera's poor work habits and attitude would have been inadmissible and the prosecutor's reference was improper, Rivera fails to establish prejudice. First, the district court instructed the jury, both before counsel's opening statements were given and at the close of the case, that opening statements were not to be taken as evidence. Where a jury is instructed, we presume the jury followed the instructions given by the court. *State v. Carson*, 151 Idaho 713, 718, 264 P.3d 54, 59 (2011). Defense counsel declined to have the jury further instructed as to the particular statements. Second, a reference to a poor work ethic or behavior as an employee is not the type of prejudicial and harmful reference that establishes a propensity to steal. Rivera does not explain how a brief reference to Rivera as an argumentative and unsatisfactory employee may have influenced the jury in such a way as to be more likely to believe that Rivera would steal a wallet. Finally, the State had evidence establishing when the wallet went missing, Rivera's behavior after the victim realized her wallet was missing where he "helped" look for it, that Rivera's employment ended just a few days after the wallet went missing, Rivera's later admission to taking the wallet, Rivera's dislike of the victim as the impetus for taking the wallet, and the location from where the wallet was recovered based on Rivera's disclosure. In light of the whole record, we cannot find that the reference in the opening statement to Rivera's work habits or behavior contributed to the verdict.

## B. Prosecutorial Misconduct

Rivera argues the prosecutor inserted personal opinion in closing argument in regards to the only materially disputed facts and, thereby, could have influenced the jury's verdict, requiring Rivera's conviction to be vacated. The State asserts the prosecutor was explaining how the evidence--that the wallet was hidden in the wall of the men's restroom--supported the inference that Rivera had intended to permanently deprive the coworker of the wallet.

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct, we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection we determine factually if there was prosecutorial misconduct, then we determine whether the error was harmless. *Id.*; *State v. Hodges*, 105 Idaho 588, 592, 671 P.2d 1051, 1055

8

(1983); *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Pecor*, 132 Idaho 359, 367-68, 972 P.2d 737, 745-46 (Ct. App. 1998). Where the defendant has met his or her burden of showing prosecutorial misconduct, the test for harmless error is whether the State can demonstrate to the appellate court beyond a reasonable doubt that the error did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010).

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Its purpose is to help the jurors remember and interpret the evidence. *State v. Reynolds¸* 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Although the prosecuting attorney may not misrepresent or mischaracterize the evidence, *State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993), both sides are afforded considerable latitude in closing argument and are entitled to discuss fully, from their respective standpoints, the evidence and inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003). However, closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt of the accused. Idaho Rule of Professional Conduct 3.4; *see also Carson*, 151 Idaho at 721, 264 P.3d at 62. A prosecuting attorney may express an opinion as to the truth or falsity of testimony or the guilt of the defendant only when such opinion is based upon the evidence, and in doing so, the prosecuting attorney should explicitly state that the opinion is based solely on inferences from the evidence presented at trial. *State v. Pizzuto*, 119 Idaho 742, 753 n.1, 810 P.2d 680, 691 n.1 (1991), *overruled on other grounds by State v. Card*, 121 Idaho 425, 432, 825 P.2d 1081, 1088 (1991); *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. Phrases such as "I think" and "I believe" are discouraged. *State v. Rosencrantz*, 110 Idaho 124, 131, 714 P.2d 93, 100 (Ct. App. 1986).

During closing argument in this case, the prosecuting attorney discussed each element of grand theft, and began on the issue of intent by saying, "Now, the fifth element is that the defendant took, obtained, or withheld the property with the intent to deprive the owner of that property. We know he did this in three ways." Then, the prosecutor went over the evidence that: (1) Rivera took the wallet and put it in the ceiling of the men's restroom; (2) Rivera helped look for the wallet knowing full well where it was and then ceased working at that location a few days

later without letting anyone know where the wallet was; and, (3) Rivera admitted he disliked the owner of the wallet. When reviewing where Rivera put the wallet, the prosecutor said, "Now, you heard testimony that they actually found [the wallet] in the wall. I can think of no better place to put that wallet in that building to hide it permanently." Defense counsel objected, arguing it was a personal opinion, vouching for Rivera's intent. The district court overruled the objection. The prosecutor went on to again state, "If you wanted to permanently deprive, there's no better place to put [the wallet] than in that wall."

We conclude the prosecutor did not commit misconduct. The prosecutor's statements in closing argument simply commented on an inference to be made from the evidence. This is not a case where the prosecutor comments on the credibility of a witness, disparages opposing counsel, or appeals to the emotions, passion, or prejudice of the jury. The comment also did not display an opinion as to the guilt of the accused, but rather whether the State had proven Rivera had the intent to permanently deprive the owner of the wallet. This is evident in looking at the context of those statements. Although we discourage the use of "I think" phrases, the prosecutor's statement went no further than what the evidence presented in the case might support. Accordingly, we conclude Rivera was not deprived of a fair trial.

### III.
### CONCLUSION

Rivera fails to establish that the prosecutor introduced error or prejudiced him by the reference in the opening statement. Additionally, we hold the prosecutor did not commit misconduct in closing argument when speaking to the element of intent. Therefore, we affirm Rivera's judgment of conviction for grand theft.

Chief Judge GRATTON, **CONCURS.**

Judge LANSING, **CONCURS IN THE RESULT.**

10