[No. 890.  Decided April 7, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK E. BILES, *Appellant*.

CHALLENGE TO JUROR — ARSON — INFORMATION — DESCRIPTION OF PREMISES — OWNERSHIP — VARIANCE.

A challenge to a juror for cause should specify the grounds of in-eligibility.

An information which charges defendant with the crime of arson in setting fire to "a two-story wooden storehouse building," is suffi-ciently definite in description, although the lower story only of the building was used as a storehouse, and the upper story as a lodging house.

Where the actual or constructive possession of a building is in a person who is alleged in an information for arson to be the owner, it is no variance if it be proved on the trial that he was in such possession at the time of the offense, although the actual ownership may be shown to be in another.

*Appeal from Superior Court, Whatcom County.*

*J. C. McFadden*, and *Fairchild & Rawson*, for appel-lant.

*W. C. Jones*, Attorney General, and *Thomas G. New-man*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

DUNBAR, C. J.—This proceeding was upon an informa-tion filed by the prosecuting attorney, charging appellant with the crime of arson.   The jury found the·defendant guilty as charged.   Motion for new trial was denied, judg-ment was entered, and the case appealed.   The appellant alleges as error:

"*First:* Error of the court in allowing evidence to be introduced upon the indictment amended, and not having been resworn to after such amendment.

"*Second:* Error of the court in the impaneling of the jury, duly excepted to.

"*Third:* Error of the court during the trial concerning the introduction of evidence.

"*Fourth:* Error of the court in refusing to instruct the jury to find a verdict for the defendant."

As to the first proposition, it is not necessary to discuss it, as the record does not show that any amendment was made. At the commencement of the trial the counsel for appellant objected to the introduction of testimony on the ground that an amendment had been made to the information. What the alleged amendment was does not appear. The court overruled the objection, and the case proceeded. Whether it was overruled because the amendment was permitted by the law, or because it was immaterial, or because there was no amendment, does not appear, and this court is, therefore, unable to determine from the record whether or not any error was committed.

So far as the second alleged error is concerned, we think, in consideration of the plain language used by the legislature in § 339, Code Proc., viz., "If the ballots become exhausted before the jury is complete, or if from any cause a juror or jurors be excused or discharged, the sheriff, under the direction of the court, shall summon from the bystanders, citizens of the county, as many qualified persons as may be necessary to complete the jury," that the action of the court in this case was in strict compliance with the law, so far as the manner of selecting the jury was concerned.

In regard to the ineligibility of the juror Daniels, the challenge was the general challenge for cause without specifying the cause; and if it be conceded that the juror was ineligible the grounds of ineligibility were not called to the attention of the court, and a defendant cannot keep concealed from the court the ground of objection on which he relies and spring it here for the first time. Although an examination was made of the juror in regard to his resi-

dence, the burden of appellant's objection had been to the manner of the selection, and when the appellant said, "We now challenge the juror for cause," the court answered, "If for the reason that Mr. Daniels was subpœnaed and summoned on a special venire to fill out the regular panel, I will deny the challenge and allow you an exception." No reply was made by the appellant, and the jury was sworn in. It is very evident from the record that this is the only ground of challenge that was brought to the attention of the court, and appellant not having objected on any other grounds must be presumed to have waived any other objection.

The ground of all challenges must be specifically stated. Thompson on Trials, § 98, and cases cited. The better rule, and that sustained by the weight of authority, is that in order to make a refusal to allow a challenge for cause available for the reversal of the judgment there must be a specification of the ground of the challenge. It is not sufficient to declare in general terms that the party objects to the juror, or that he challenges the juror. The cases upon this question are in conflict, but the rule we have stated is the only one that is sustained by principle, and is the only one that is sustained by decisions in analogous cases. Elliott on Appellate Procedure, § 778. The adoption of the other rule would, in our opinion, encourage sharp practice, and tend to defeat the ends of justice, and we, therefore, adopt the rule announced above.

Without further particularizing, we are convinced that no error was committed by the court in the selection of the jury.

Neither do we think that appellant's contention can be sustained, that the building burned was not such a one as was described in the information. The description was "a two-story wooden storehouse building," and the proof shows that that was substantially what it was, notwith-

standing the upper story had been used as a lodging house. It was a two-story building; the lower story, which was set on fire, was used for a storehouse. There was no communication between the two stories, but they were both under one roof, and as under the Penal Code a separate apartment may be a dwelling house, although the roof covering it also covers a storehouse, so the building in this instance is none the less a storehouse because the same roof protects a lodging house. Bishop on Statutory Crimes, §§ 277–9.

This building was sufficiently described to notify the defendant what building it was he was charged with burning, and when that requirement is met the requirements of the law are met.

The contention that this building was not subject to arson because it had previously been injured by fire is not, in our opinion, worthy of serious consideration.

So far as the question of ownership is concerned, at the common law arson being an offense against the habitation, it necessarily followed that the building burned must be deemed the building of the person in possession, and notwithstanding the fact that our statute, as stated in *McClaine v. Territory*, 1 Wash. 345 (25 Pac. Rep. 453), has also incorporated in the statutes the idea of protection to property, yet the statutes provide in special terms that in the prosecution of cases solely affecting property, that if it be proved on the trial that at the time when the offense was committed either the actual or constructive possession was in the person alleged to be the owner, it shall be sufficient and shall not be deemed a variance. See § 1377, Code Proc.

A thorough examination of the record fails, in our opinion, to discover any error. The judgment will, therefore, be affirmed.

SCOTT, STILES, HOYT and ANDERS, JJ., concur.