[No. 15764-1-II. Division Two. September 14, 1993.]

HELEN J. BRADY, *Individually and as Executrix, Appellant,* v. FIBREBOARD CORP., ET AL, *Respondents.*

*William J. Rutzick* and *Schroeter Goldmark & Bender P.S.,* for appellant.

*Norm Maleng, Prosecuting Attorney for King County, Roger S. Davidheiser, Deputy; Paul J. Kundtz* and *Riddell, Williams, Bullitt & Walkinshaw; Laurie Lootens Chyz* and *Hillis Clark Martin & Peterson; Thomas J. Keane;* and *Steven T. Johnson (Thomas M. Peterson, Meredith A. Nelson,* and *Brobeck Phleger & Harrison,* of counsel) for respondents.

MORGAN, J. — Helen Brady, executrix of the Estate of Peter Brady, appeals from a damage award she claims is inadequate. Because of flawed jury selection procedures, we reverse and remand.

Brady brought an asbestosis action against several defendants. Before trial, the superior court mailed questionnaires asking 90 potential jurors about their views on cancer and asbestos. The questionnaires requested the jurors to state, among other things, how much knowledge they had of asbestos, whether they or anyone they knew had been exposed to asbestos, whether they had ever smoked cigarettes, what they thought caused cancer, and whether they could be impartial.

When the questionnaires were returned, two judges, neither of whom was the trial judge, used the responses as a basis for determining that 14[1] of the potential jurors were not qualified to serve in the case. As a result, those 14 were not asked to report for the trial.[2]

---

[1] Actually, the two judges found 31 of the 90 potential jurors unqualified to serve. On appeal, however, Brady only assigns error to the exclusion of 14. Thus, we use that number.

[2] On the morning of trial, the trial judge commented:

I've been gone on vacation, and just got back this morning. I understand that [two other judges] went through [the 90 questionnaires]. We have a list,

Brady's counsel objected to this selection procedure as soon as she learned of it, but the objection was overruled. A "reverse-bifurcated" trial was held,[3] and the jury returned a verdict for $303,000.

Brady moved for new trial on the basis that the jury selection process had been flawed. The trial judge denied the motion but commented as follows:

> As . . . counsel knows, I did not participate in the exclusion of these jurors. . . . I was unhappy when I received this case for trial and found out that this had been done, but it had been done. And it was done by two judges who looked at those questionnaires and came to the conclusion that those jurors could not be fair. I was not aware that that was being done and really don't agree with their reasoning.
>
> But it seems to me, the bottom line here is that his case was tried to what I think was an unbiased jury. I would not have participated in the trial if I didn't believe that at the time.
>
> So, I think this is an issue that should be ruled on by the Court of Appeals. It doesn't . . . warrant . . . a new trial. So, I'll deny the motion.

Two features of Washington's statutory jury selection process are pertinent to this appeal. One is randomness. The other is challenges.

█ The statutes repeatedly mandate that the members of a jury panel be randomly selected. RCW 2.36.010(6), (9), (12); RCW 2.36.050; RCW 2.36.063; RCW 2.36.065; RCW 2.36.080(1); RCW 2.36.130; *State v. Tingdale*, 117 Wn.2d 595, 600, 817 P.2d 850 (1991). They even impose on judges a duty to ensure random selection. RCW 2.36.065; *Tingdale*, 117 Wn.2d at 600 n.3.

The statutes provide that a challenge can be peremptory or for cause. RCW 4.44.130. When for cause, it can be general or

---

evidently, of the [potential jurors] they considered were not qualified and were excused.

Report of Proceedings, at 3. Plaintiff's counsel then asked whether the persons who had been excused were still present in the courthouse, and the judge responded that they had never been called in.

[3]The trial concerned only causation and damages. A trial on liability was to be held later if needed.

particular. RCW 4.44.150. When particular, it can be based on implied bias, actual bias, or bodily defect. RCW 4.44.170. When a particular challenge for cause is based on actual bias, it is not enough that the juror has formed an opinion on the matter. RCW 4.44.190.[4] Actual bias must be established by proof, *State v. Noltie*, 116 Wn.2d 831, 838, 809 P.2d 190 (1991), and the proof must indicate that the challenged juror cannot try the issue impartially and without prejudice to the substantial rights of the party challenging. RCW 4.44.170(2); RCW 4.44.190; *Ottis v. Stevenson-Carson Sch. Dist. 303*, 61 Wn. App. 747, 752, 812 P.2d 133 (1991). When the existence of actual bias is denied, *see* RCW 4.44.230-.250; *Ottis*, 61 Wn. App. at 753, the issue is one of preliminary fact, *Ottis*, 61 Wn. App. at 753, and the parties are entitled to have it determined by the trial judge. RCW 4.44.230-.250; *Ottis*, 61 Wn. App. at 753-54; *see Tingdale*, 117 Wn.2d at 601.

The procedures used here abridged the statutory mandate of random selection. It is undisputed that the initial panel of 90 was randomly selected. However, the randomness of the panel was destroyed when 14 of the 90 were eliminated by the process employed here.[5]

The procedures used here also abridged the statutory procedures that govern challenges for cause. Fourteen people were determined to be unqualified to serve, based on their substantive answers to a questionnaire. That was the functional equivalent of granting 14 challenges for cause on grounds of actual bias. Undoubtedly, the underlying intent was laudatory — to save the time of potential jurors who

---

[4]RCW 4.44.190 provides:

"A challenge for actual bias may be taken for the cause mentioned in RCW 4.44.170(2). But on the trial of such challenge, although it should appear that the juror challenged has formed or expressed an opinion upon what he may have heard or read, such opinion shall not of itself be sufficient to sustain the challenge, but the court must be satisfied, from all the circumstances, that the juror cannot disregard such opinion and try the issue impartially."

[5]We do not mean to imply that 14 of the 90 could not have been excused for reasons such as health or family hardship. That matter is not before us, and we express no opinion on it.

likely would be challenged anyway. *See Tingdale,* 117 Wn.2d at 604 (Dolliver, J., dissenting) (quoting comments of trial judge). Nevertheless, Brady was denied her right to be heard on the question of actual bias, and also her right to have the existence of actual bias determined by the trial judge.

When statutory jury selection procedures are materially violated, the claimant need not show actual prejudice; rather, prejudice is presumed. *Tingdale,* 117 Wn.2d at 600, 602; *Roche Fruit Co. v. Northern Pac. Ry.,* 18 Wn.2d 484, 487, 139 P.2d 714 (1943). Here, the violations were material, *see Tingdale,* 117 Wn.2d at 602 (improperly excusing three jurors constituted material violation of statutory procedures), and a new trial must be granted.

Reversed and remanded.

ALEXANDER, C.J., and SEINFELD, J., concur.

Review denied at 123 Wn.2d 1018 (1994).