

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

C.R.,[†] a minor, By and Through His )
Natural Parents, SARAH ANN RICHTER )        No. 36259-1-III
and TYSON RICHTER, and SARAH )
ANN RICHTER, Individually, and )
TYSON RICHTER, Individually, )
)
               Appellants, )        UNPUBLISHED OPINION
)
    v. )
)
KEVIN HARRINGTON M.D.; )
GENERATIONS OB/GYN, PLLC, )
)
               Respondents. )

KORSMO, J. — C.R. and his parents appeal from a jury verdict in favor of Dr.

Kevin Harrington and rejecting their medical malpractice claims arising from C.R.'s

birth. They argue that the trial court improperly allowed a biased juror to sit and

permitted an unqualified expert to testify at trial. Concluding that the trial court did not

abuse its discretion, we affirm.

---

[†] To protect the privacy interests of C.R., a minor, we use his/her initials throughout
this opinion.

No. 36259-1-III
*Richter, et al v. Harrington, M.D., et al*

FACTS

Dr. Harrington delivered C.R. During the birth process, C.R. shifted in the birth canal and Dr. Harrington used the McRoberts' position to deliver the child. C.R. was born with a brachial plexus nerve injury that impacts the left arm. The family claimed that the injury resulted from an improper procedure during delivery.

During jury selection, the plaintiffs sought to exclude for cause all prospective jurors who had a child delivered by Dr. Harrington. Juror 25 had one of his children delivered by Dr. Harrington 14 years earlier; he explained to the court why he could be impartial. The court declined to excuse juror 25 for cause and juror 25 eventually served on the jury. Others in the jury pool who had children delivered by Dr. Harrington were excluded for cause, including one whose child was delivered four years earlier and another who was receiving ongoing care from Dr. Harrington.

At trial, the defense introduced testimony from Dr. Mark Scher, a pediatric neurologist, whose testimony explained the cause of brachial plexus and the prognosis for the child. The family objected to any testimony by Dr. Scher concerning the childbirth process because he was not an obstetrics specialist. Dr. Scher testified he regularly worked with obstetricians to assist children with brachial plexus injuries before and after birth, including fetuses at risk for brachial plexus injuries. He has to understand the impact of birth on the nervous system as part of his neurology specialty. Dr. Scher also studied childbirth as part of his medical school training and assisted another doctor in a

2

published work on brachial plexus injuries.  The court allowed the doctor to testify about childbirth after finding Dr. Scher had sufficient experience with brachial plexus injuries to explain causation.

The jury returned in favor of Dr. Harrington by a 10-2 jury verdict.  The family appealed to this court.  A panel considered this case without hearing argument.

ANALYSIS

*Jury Selection*

The family contends that the court erred in refusing to exclude juror 25 for cause. The court did not abuse its discretion.

The trial court possesses discretion when granting or denying a challenge for cause; a reviewing court will reverse the trial court only for manifest abuse of discretion. *State v. Gilcrist*, 91 Wn.2d 603, 611, 590 P.2d 809 (1979).  A trial court abuses its discretion if its decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.  *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).  This standard of review recognizes that the trial court holds the best position to determine whether a juror can be fair and impartial because the trial court observes the juror's demeanor and evaluates the juror's answers.  *State v. Birch*, 151 Wn. App. 504, 512, 213 P.3d 63 (2009).

Our statutes do not imply bias from the existence of a doctor-patient relationship. A party must, therefore, establish a juror's actual bias.  *Family Med. Bldg., Inc. v. Dep't*

*of Soc. & Health Servs.*, 37 Wn. App. 662, 675-676, 684 P.2d 77 (1984). Actual bias is defined as "the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging." RCW 4.44.170(2).

When a party challenges a prospective juror for cause, the trial court must determine whether the juror can set aside preconceived ideas and try the case fairly and impartially. *Hough v. Stockbridge*, 152 Wn. App. 328, 341, 216 P.3d 1077 (2009). A prior or ongoing business relationship involving a party and a juror may suggest actual bias, but the trial court must examine the relevant circumstances and the juror's demeanor. *Ottis v. Stevenson-Carson Sch. Dist. No. 33*, 61 Wn. App. 747, 755-757, 812 P.2d 133 (1991).

The trial court judge allowed each party to question each juror about prior relationships with Dr. Harrington and the judge provided reasoned decisions on the record concerning each challenge for cause. The judge excused those who had recent or ongoing relationships with Dr. Harrington or expressed apparent favoritism to the doctor. The trial court found that juror 25 had a remote relationship with Dr. Harrington and could remain impartial. Those were tenable grounds for declining to excuse juror 25. There was no abuse of discretion.

No. 36259-1-III
*Richter, et al v. Harrington, M.D., et al*

*Expert Testimony*

Appellants also challenge the decision to permit Dr. Scher to testify concerning

the birth process, arguing both that he was unqualified and was an improper extra expert

witness. Once again, the trial judge did not abuse his discretion.

Washington uses the *Frye*[1] test to limit expert testimony to principles generally

accepted in the scientific community. *State v. Canaday*, 90 Wn.2d 808, 812, 585 P.2d

1185 (1978). If the scientific principle satisfies *Frye*, the trial court applies ER 702 in

determining whether to admit the individual expert's testimony. *In re Det. of Pettis*, 188

Wn. App. 198, 205, 352 P.3d 841 (2015). This court reviews the trial court's decision to

admit an expert witness for abuse of discretion. *Id.* A witness may qualify as an expert

by knowledge, skill, experience, training, or education. ER 702. After an expert's

qualifications are established, any deficiencies in the expert's knowledge goes to the

evidentiary weight of the testimony. *Keegan v. Grant County Pub. Util. Dist. No. 2*, 34

Wn. App. 274, 283, 661 P.2d 146 (1983).

A doctor with unlimited medical licenses usually may testify about any matter in

the medical field. *State v. Rangitsch*, 40 Wn. App. 771, 778-779, 700 P.2d 382 (1985).

Even a doctor who is not specialized in childbirth may still be qualified as an expert to

testify about the process if the doctor has adequate experience from study or practice to

---

[1] *Frye v. United States*, 293 F. 1013, 1014 (D.C. Cir. 1923).

5

provide useful and reliable information to the jury. *L.M. by and through Dussault v. Hamilton*, 193 Wn.2d 113, 135-137, 436 P.3d 803 (2019). If there are reasonable grounds to debate a doctor's expertise in a medical specialization, the trial court necessarily does not abuse its discretion by permitting the testimony. *Id*.

In this case, the family never challenged any theory or concept presented by Dr. Scher, but argued he should not have been allowed to testify about childbirth because he was not an obstetrics specialist.[2] The trial court evaluated Dr. Scher's qualifications, which included significant experience working with brachial plexus injuries resulting from birth, as well as his unlimited medical license. The court had tenable reasons for concluding that Dr. Scher's testimony would help the jury. The family was allowed to cross-examine the witness about any perceived deficiencies resulting from the doctor's lack of an obstetrical specialty.

The family also argues that it was unfair to allow Dr. Scher to testify as a third defense obstetrics expert. The family cites no relevant authority supporting this theory. Since the trial court properly analyzed Dr. Scher's qualifications in accordance with ER 702, the court did not err in allowing Scher to testify.

C.R. has not established that the trial judge abused his discretion. There was no error.

---

[2] Dr. Scher's limited testimony about childbirth was consistent with Dr. Harrington's two obstetrician expert witnesses.

No. 36259-1-III
*Richter, et al v. Harrington, M.D., et al*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.

7