**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34500**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 2** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: January 7, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| CARL PICKENS, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order denying motion for mistrial, <u>affirmed</u>. Judgment of conviction for first degree kidnapping and rape, <u>affirmed</u>. Judgment of conviction for assault with intent to commit rape, <u>vacated</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Carl Pickens, Jr. appeals from his judgment of conviction for first degree kidnapping, rape, and assault with intent to commit rape. He contends that the district court erred by denying his motion for a mistrial based upon allegedly improper comments made by the prosecutor during opening statements and that the court erred in admitting at trial evidence implying prior misconduct by Pickens. Alternatively, he asserts that the constitutional prohibition against double jeopardy requires that his conviction and sentence for assault with intent to commit rape be vacated because it is a lesser included offense of rape, for which he was also convicted and sentenced. The State concedes that Pickens' double jeopardy argument is correct and stipulates to the remedy sought. We therefore address only the remaining issues.

1

# I.

## BACKGROUND

Pickens and the victim, C.O., had been dating for a brief period prior to the alleged events giving rise to the charges. According to the State's trial evidence, on the night in question Pickens and C.O. had consensual sexual relations at his residence, but afterwards Pickens began to question C.O. about her feelings toward a former boyfriend. Pickens became angry when C.O. admitted that she still had feelings for that individual, and he began shoving and hitting C.O. and demanded to have sex with her. When she refused, he shoved a gun into her mouth and threatened to kill her. Pickens raped C.O. and thereafter refused to allow her to leave his residence. When she was finally allowed to leave, C.O. reported the rape to police. Pickens was charged with first degree kidnapping, Idaho Code §§ 18-4501, -4502, rape, I.C. § 18-6101(4), and assault with intent to commit rape, I.C. §§ 18-909, -901, and the prosecutor sought a persistent violator sentence enhancement pursuant to I.C. § 19-2514.

During her opening statement at Pickens' trial, the prosecutor referred to the anticipated testimony of Pickens' sixteen-year-old cousin, R.I., who was staying at his home on the night in question and had looked into the bedroom where the attack occurred because she heard sounds of the fight occurring there. During the opening statement, the prosecutor said:

> When [R.I.] first comes and peeks through the door, the defendant, in a very agitated way, looks at her and says, "See, see, come in. See, this time it's not my fault. See what she did to me?" And he's pulling his lip down to show how she scratched him, and showing different body parts where [C.O.] had scratched him. You know, "This is the thing," that "she started it" or "she swung at me."

Pickens objected and moved for a mistrial, contending that the statement attributed to him, that "*this time* it's not my fault," constituted evidence of other misconduct that was inadmissible under Idaho Rule of Evidence 404(b).[1] He argued that such evidence was inadmissible both

---

[1]    Idaho Rule of Evidence 404(b) provides:
>      Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

because it was character evidence and because the prosecutor had not served prior written notice of her intent to offer such evidence as required by I.R.E. 404(b).  Responding to the motion for mistrial, the prosecutor did not contend that she had served a Rule 404(b) notice, but instead argued that no impropriety had occurred because:

> Those are the words that the defendant spoke, and those are the words that make no sense to the victim because they had never happened before.  It's part of the confusion of the attack on her.  And those are the exact things that he was saying during the rage that he was exhibiting at the victim, and she was unable to leave.
>
> That is part of the police report.  It's part of the grand jury transcript.  And I intend to ask the victim the things that he kept saying is that she hit me.  "This time I didn't hit her."  And it did not make any sense to the victim at all.  There's no suggestion that he's ever hit her before, and she will say that much.  And she has said before that he's never hit her before.  She didn't know where it even came from.
>
> But it is part of the facts of this case.  The issue is credibility where this defendant has acted completely out of normal behavior, and it is for the jury to decide whether what she describes is correct or what the defendant described, which is she was the one who flew off the handle and hit him.  I think it is important that the words that he had used and the things that he said during that time frame we can use.

Without making an express ruling on the admissibility of the evidence, the district court denied Pickens' motion for a mistrial with the following explanation:

> The Court does not believe that this is the type of statement that entitles the defense to a mistrial.  The comment was apparently made at the scene.
>
> The Court would, if the defense wishes to, give an instruction to the jury that there is no issue here with regard to any prior violence between the defendant and the alleged victim.  And, in fact, the Court will specifically find that the entire thrust of the State's argument, from the Court's perspective and listening to it as not being one of the advocates, was this came out of nowhere.  There had been no such problems before.  And there was no issue that it had occurred before.  She was taken totally by surprise by what happened.
>
> That was the focus of the opening statement of the State.  I just don't believe that the one statement is sufficient to grant a mistrial where that's the entire focus of the State's opening statement.  It's just the opposite from what the defense seems to feel.  So I do not find the basis for declaring a mistrial based upon the statement.
>
> However, I will leave it up to the defense to determine whether or not it wishes a specific instruction from the Court, or whether it wishes to argue to the jury that it feels that's there.  That even the State admits that this came out of nowhere.  There was no prior history of violence between these people.

Later during direct examination of C.O. and R.I., without objection from Pickens, the prosecutor elicited testimony that Pickens had said to R.I. that it was not his fault this time.  C.O.

also testified that Pickens had never struck her before, or even raised his voice to her. The jury returned a guilty verdict

On appeal, Pickens argues that because his alleged statement to R.I. implied that he had engaged in some similar violent behavior previously, it was inadmissible under the I.R.E. 404(b) prohibition against character evidence and under the same rule's requirement that the State file and serve notice of its intent to proffer such evidence in advance of trial. Therefore, he contends, the district court erred in denying his motion for a mistrial and in subsequently admitting the testimony about his statement.

## II.

## ANALYSIS

Both Pickens' challenge to the denial of his motion for a mistrial and his challenge to the admission of the witnesses' testimony are premised on his contention that the evidence of his statement was inadmissible under I.R.E. 404(b). We decline to resolve the admissibility issue because Pickens did not obtain a ruling on that issue from the court below. In order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for the assignment of error. *Smith v. State*, 146 Idaho 822, 203 P.3d 1221 (2009); *State v. Yakovac*, 145 Idaho 437, 180 P.3d 476 (2008); *Jensen v. Doherty*, 101 Idaho 910, 623 P.3d 1287 (1981); *State v. Harrison*, 147 Idaho 678, 681, 214 P.3d 664, 667 (Ct. App. 2009); *State v. Huntsman*, 146 Idaho 580, 199 P.3d 155 (Ct. App. 2008); *State v. Harshbarger*, 139 Idaho 287, 77 P.3d 976 (Ct. App. 2003). When the prosecutor elicited testimony from C.O. and R.I. about the statement made by Pickens, Pickens made no objection, and there was therefore no occasion for the court to rule on the admissibility of the evidence. Earlier in the trial, when Pickens moved for a mistrial following the prosecutor's opening statement, he argued that his statement to R.I. implying prior misconduct was inadmissible under I.R.E. 404(b). If the court had then ruled that the evidence was admissible, we would view the issue as preserved for appeal, for Pickens would not then have been required to object again during the prosecutor's examination of the witnesses. *State v. Hester*, 114 Idaho 688, 700, 760 P.2d 27, 39 (1988) (holding that when a trial court unqualifiedly rules on the admissibility or inadmissibility of evidence prior to trial no further objection at trial is required in order to preserve the issue for appeal); *State v. Baer*, 132 Idaho 416, 418, 973 P.2d 768, 770 (Ct. App. 1999) (same). However, the district court's words in

4

denying the motion in limine contain no clear ruling on Pickens' contention that Rule 404(b) required exclusion of the evidence.

Pickens asserts that in denying his motion for a mistrial, the court implicitly rejected his argument that the evidence was inadmissible. We do not agree. Although the district court may have denied the motion because it thought the evidence to be admissible, and the prosecutor's opening statement therefore proper, no such conclusion is readily apparent from the district court's comments. Rather, some of the district court's comments seem to imply that the court deemed this portion of the prosecutor's opening statement to be improper but not sufficiently prejudicial to warrant a mistrial:

> [T]he entire thrust of the State's argument . . . was this came out of nowhere. There had been no such problems before. And there was no issue that it had occurred before. She was taken totally by surprise by what happened.
> That was the focus of the opening statement of the State. *I just don't believe that the one statement is sufficient to grant a mistrial where that's the entire focus of the State's opening statement.* It's just the opposite from what the defense seems to feel. *So I do not find the basis for declaring a mistrial based upon the statement.*

The italicized sentences, in particular, and the court's offer of a limiting or corrective jury instruction, seem to imply that the court found the prosecutor's statement impermissible but concluded that in context it was not sufficiently harmful to require a mistrial. Although that may not have been the district court's meaning, the district court's comments certainly do not unambiguously state the opposite--that the court deemed the evidence admissible. On this record, we cannot say that the district court, in ruling on Pickens' motion for a mistrial, issued a decision adverse to Pickens on the question of the admissibility of the challenged evidence. Therefore, the order denying his motion for mistrial did not excuse Pickens from a need to object later in the trial when testimony about his statement to R.I. was elicited by the prosecutor. Because he did not so object, Pickens' contention that the district court erred in admitting the evidence has been waived and will not be addressed on appeal. Absent a claim of fundamental error, we will not consider reversing a trial court for a ruling that it did not make.

We will, however, review the propriety of the district court's order denying Pickens' motion for a mistrial, for that plainly was a ruling adverse to Pickens. Our review is conducted, however, with recognition that the testimony about Pickens' statement was later introduced into evidence without objection. Our standard of review in examining the denial of a motion for a mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983). *See also State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Shepherd*, 124 Idaho 54, 57, 855 P.2d 891, 894 (Ct. App. 1993). Error is not reversible if this Court can conclude beyond a reasonable doubt that the verdict would have been the same if the error had not occurred. *Field*, 144 Idaho at 572, 165 P.3d at 286; *State v. Robinett*, 141 Idaho 110, 113, 106 P.3d 436, 439 (2005).

Applying this standard of review, we have no difficulty in concluding that reversible error has not been shown. We will assume, *arguendo*, that it was improper for the prosecutor to mention, during opening statement, Pickens' comment to R.I. because of the statement's implicit admission of prior misconduct that was inadmissible under I.R.E. 404(b). "Viewed in the context of the full record," however, the error was harmless. As noted above, testimony about Pickens' statement was later presented at trial without objection, so it is impossible to attribute independent harm to the prosecutor's revelation of this testimony in her opening statement.

Even if we were to disregard the witnesses' testimony concerning Pickens' statement that it was not his fault "this time," we would still conclude that the trial court did not commit reversible error in denying the motion for mistrial, for the evidence of Pickens' guilt of the charged offenses was extensive and compelling. In addition to C.O.'s own testimony about how she was violently held captive, beaten and raped, the State presented R.I.'s testimony that she was awakened by C.O.'s cries and other sounds of the fighting like "smacking" noises. When she looked into the bedroom she saw C.O. looking scared and crying and saying she wanted to go home. After C.O. was finally able to leave and to contact police, she was taken to a hospital where healthcare providers noted bruising on various parts of her body, a chipped front tooth (perhaps from the gun being forced into her mouth), a bite on one of her fingers with Pickens' DNA on a swab taken from the bite area, swelling and redness in the genital area, swelling on the

back of her head, and a conjuctival hemorrhage in her left eye. On this record we are confident beyond a reasonable doubt that the jury would have reached the same verdict even in the absence of the prosecutor's statement (and the associated testimony) regarding Pickens' statement to R.I.

## III.

## CONCLUSION

Because there was no decision adverse to Pickens in the trial court regarding the admissibility of testimony concerning his statement to R.I., the question of the admissibility of that evidence is not preserved for review. We hold that the district court's denial of Pickens' motion for a mistrial was not reversible error. By agreement of the parties, however, Pickens' judgment of conviction for assault with intent to commit rape must be vacated on double jeopardy grounds. Therefore, the conviction for assault with intent to commit rape is vacated. The judgment of conviction in all other respects is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**