**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43174**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 453** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 28, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SAUL LUCAS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Saul Lucas appeals from the district court's order denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers were investigating a theft from Lucas's place of employment when they found evidence that Lucas was directly involved. Officers tracked some of the missing items to a local recycling center and identified Lucas, by a copy of his photo identification, as the person who brought the items to the recycling center. Three officers then went to Lucas's residence and found him asleep or passed out in the driver's seat of his vehicle in front of his apartment. Officer Thiemann approached the vehicle, knocked on the driver's side window, and opened the driver's side door.

1

Lucas awoke and engaged in a dialogue with the officer and proceeded to exit the vehicle upon the officer's request. Officer Thiemann asked Lucas if he had any weapons on him, to which Lucas replied "No ma'am." The officer then asked Lucas if Officer Newland could check him for weapons. Lucas consented and moved several steps to the side of his vehicle. The assisting officer then handcuffed Lucas and asked if he had anything on his person. Lucas responded that he had something in his front pocket. The officer asked what was in his pocket and if it would stick, stab, poke, or bite him. With a little hesitation and some prompting by the officer, Lucas admitted he had a meth pipe in his front pocket.

Lucas was charged with possession of methamphetamine in violation of Idaho Code § 37-2732(c)(1). In response, Lucas filed a motion to suppress "all statements made to City of Gooding Police Officers and all evidence gathered by law enforcement as a result of an unlawful detention and search of the Defendant." The district court determined that Lucas voluntarily consented to the search of his person. However, the court held that Lucas's admission that he had a meth pipe was made while in custody for *Miranda*[1] purposes, and he was not informed of his *Miranda* rights. Thus, the court suppressed Lucas's admission that he had a meth pipe in his possession, but not the pipe itself. Lucas pled guilty to possession of methamphetamine, but preserved his right to appeal the district court's denial of his suppression motion. Lucas timely appealed.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Lucas maintains that he was unlawfully seized in violation of the Fourth Amendment, and that his subsequent consent to search and incriminating statements are products of his

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

unlawful detention. The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions, or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.*

Officer Thiemann knocked on the driver's window of Lucas's vehicle, opened the car door, asked Lucas to step out, began questioning him, and asked for his consent to have another officer perform a pat-down search. Lucas did not argue to the district court that he was illegally detained before he gave consent to the search of his person. Lucas's failure to argue to the district court that an illegal detention began at the inception of the interaction resulted in no specific findings or ruling on that issue from the district court.[2] "In order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error." *Smith v. State*, 146 Idaho 822, 841, 203 P.3d 1221, 1240 (2009); *State v. Pickens*, 148 Idaho 554, 557, 224 P.3d 1143, 1146 (Ct. App. 2010). The district court did not make a determination regarding the legality of any interaction that occurred before Lucas provided his consent to the pat-down search. Rather, the district court determined only that

---

[2] The district court clearly identified the issues as (1) whether consent to search was voluntary, and (2) whether Lucas's statements regarding the pipe were a product of an unwarned custodial interrogation.

Lucas consented to the pat-down search, but suppressed the statements he made regarding the methamphetamine pipe because the statements were made after he was handcuffed. However, on appeal, Lucas argues that he was unlawfully detained at the moment the officer knocked on the window and opened the car door. Generally, issues not raised below may not be considered for the first time on appeal, *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992), and we decline to do so here.

## III.
## CONCLUSION

Lucas failed to properly preserve his argument on appeal. The order of the district court denying Lucas's motion to suppress is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.