**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 46556**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 26, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARIO CERVANTES HERNANDEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction for sexual abuse of a child under the age of sixteen, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Mario Cervantes Hernandez appeals from the judgment of conviction for sexual abuse of a child under the age of sixteen. Hernandez argues that the district court erred in denying his motion in limine to exclude expert testimony regarding grooming. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hernandez was charged with sexual abuse of a child under the age of sixteen, Idaho Code § 18-1506. The charge arose after Hernandez's neighbor noticed inappropriate messages between Hernandez and her nine-year-old daughter, I.J. The mother reported the messages to law enforcement and an investigation ensued. Officers discovered that Hernandez had been messaging I.J. stating how much he loved her, telling her that he wanted to marry her, and

1

requesting photographs of her after she showered. During an interview, I.J. explained that Hernandez would kiss her on the lips "like a husband would do to his wife," hug her from behind, get into bed with her when she was at his residence for a sleepover, pinch her nipples, and touch her breasts. Based on the investigation, the State charged Hernandez with the above-listed crime.

After the State disclosed that it intended to call Thomas Tueller as an expert witness in the area of sexual abuse and grooming behavior, Hernandez filed a motion in limine. Hernandez requested that the district court prevent the State from offering or attempting to offer any: (1) "'expert' testimony or opinion from Thomas Tueller"; (2) "testimony regarding 'the area of sexual abuse and grooming behavior'"; and (3) "lay witness testimony regarding 'grooming' or the steps and processes used by those who sexually abuse children." On appeal, the parties contest the district court's rulings in relation to Hernandez's motion in limine. A jury found Hernandez guilty of sexual abuse of a child under sixteen. Hernandez timely appeals.

## II.

## ANALYSIS

Hernandez argues that the district court erred in denying his motion in limine to prevent the State from presenting expert testimony about grooming and the State has failed to show harmless error. In response, the State argues that Hernandez failed to preserve his argument for appeal because he did not obtain an adverse ruling on his motion in limine and did not object to the allegedly inadmissible evidence during trial. Alternatively, the State argues that Hernandez failed to show fundamental error.

"In order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for the assignment of error." *State v. Pickens*, 148 Idaho 554, 557, 224 P.3d 1143, 1146 (Ct. App. 2010). In *State v. Hester*, 114 Idaho 688, 760 P.2d 27 (1988), the Idaho Supreme Court explained preservation in the context of motions in limine as follows:

> The trial judge, in the exercise of his discretion, may decide that it is inappropriate to rule in advance on the admissibility of evidence based on a motion *in limine*, but may defer his ruling until the case unfolds and there is a better record upon which to make his decision. In such an event, a litigant who has made a motion *in limine* requesting advance rulings on the admissibility of evidence must continue to assert his objections as the evidence is offered or his objections are not preserved. Otherwise a party could make a blanket motion *in limine* prior to trial and then be relieved of any obligation to object as the evidence unfolds at trial. . . . [I]f the motion *in limine* is made, and the trial court unqualifiedly rules on the

2

admissibility or inadmissibility of the evidence prior to trial, no further objection at trial is required in order to preserve the issue for appeal.

*Id.* at 700, 760 P.2d 39. In this case, we decline to resolve the admissibility issue. We conclude that Hernandez did not preserve his argument for appeal because he did not obtain a ruling on the issue from the district court.

On appeal, Hernandez only challenges the district court's ruling on prong two of his motion in limine. Hernandez takes issue with "the district court allow[ing] the State to present expert testimony that otherwise non-criminal behavior is considered to be 'grooming.'" However, the district court expressly chose to reserve ruling on any substantive testimony relating to grooming, and Hernandez did not object to its admission at trial. First, the district court addressed the first prong of Hernandez's motion (i.e. whether Thomas Tueller qualified as an expert). The court concluded that, contrary to Hernandez's contention, Thomas Tueller was a qualified expert and would be allowed to testify. Then, the district court addressed the second prong of Hernandez's motion in limine (i.e. whether the court "should preclude the state from offering any testimony regarding 'the area of sexual abuse and grooming behavior'"). In relation to the second prong, Hernandez argued:

> The Court should preclude the state from offering any testimony regarding "the area of sexual abuse and grooming behavior." The state seeks to present Mr. Tueller's testimony in the area of grooming in order to argue that Defendant's conduct matched that of other sex offenders who engage in the act of grooming. Evidence of that type is irrelevant and would also violate the proscription against propensity/character evidence set forth in Idaho Rule of Evidence 404. Also, any marginal relevance of such testimony would be greatly outweighed by the danger of unfair prejudice.

At the hearing on Hernandez's motion in limine, the district court decided to reserve ruling on this issue.

The district court's oral rulings are as follows:

[S]o the first issue is, is he qualified; and my position is, he is.

> The second issue is on the substantive testimony. That always does require some balancing, and I don't know that I can make a ruling or attempt a ruling at this point in time until I actually hear the proffered question and what might be the answer. And so the substantive testimony . . . . I need to wait and see how that actually plays out because when we start talking about alleged prior bad acts under 404(b), there is a balancing test that I need to perform when an objection's being made. So at this point I feel like he's qualified. The State can call him. As to the substance of the testimony, I will need to take that on a basically question-by-question basis.

3

Thereafter, defense counsel raised concerns about the State using Tueller's grooming testimony to show that Hernandez, in specific, was grooming I.J. In relation to that discussion, the court concluded:

> And depending on how it comes out at trial, as far as [Tueller] offering an opinion on that, I just need to wait and see how the evidence comes out and how the question's phrased and whether [counsel] objects. But I think that would be--at the very least, the testimony would have to be limited not to personalizing this with the defendant but simply saying this is consistent, this is a typical pattern, or something like that in the abstract. So that's how I see that.

The district court did not make an unqualified ruling on the admissibility of the expert's grooming testimony.[1] To the contrary, the court reserved ruling on Hernandez's motion in limine to preclude the State from offering testimony regarding sexual abuse and grooming behavior. As such, Hernandez had a continuing obligation to raise his objections to Tueller's testimony at trial. Although the district court informed Hernandez of his duty to object at trial, Hernandez failed to do so. Therefore, Hernandez's claim is not preserved for appeal.

## III.

## CONCLUSION

Hernandez failed to preserve his argument for appeal. Thus, we need not consider whether the district court erred in allowing the State to present expert testimony about grooming. Therefore, Hernandez's judgment of conviction for sexual abuse of a child under the age of sixteen is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[1] Contrary to Hernandez's contention, while the district court did state that the subject matter was beyond the ken or normal knowledge of jurors, it did so in ruling Tueller was an expert and not as a blanket ruling allowing any substantive testimony on the subject.